Randy J. SORENSON, Plaintiff and Appellant,

v.

HARTFORD ACCIDENT AND LIFE INSURANCE COMPANY, and Genge/Call Engineering, Inc., Defendants and Respondents.

No. 15522.

Supreme Court of Utah.

Sept. 22, 1978.

---

1. Provided for by U.C.A., 1953, 64–7–45.

2. Ibid.

3. Referring to U.C.A., 1953, 64–7–36 (the initial hospitalization statute).

4. Ibid.

Joe I. Ferran of Kesler & Ferran, Salt Lake City, for plaintiff and appellant.

L. Rich Humpherys of Christensen, Gardiner, Jensen & Evans, Salt Lake City, for defendants and respondents.

ELLETT, Chief Justice:

This is an appeal from a Summary Judgment in favor of Hartford in a group insurance policy case, holding that the policy speaks for itself and is dispositive when it specifically says that upon termination of employment, the policy is no longer in force.

Sorenson's employment ended July 3rd, he was injured on a motorcycle on the 5th. The premium for July was paid. The policy had a conversion clause providing for lesser amounts for a lesser premium and Sorenson took advantage of the option. He was paid under the new policy for expenses, etc. Nonetheless he claims benefits again under the first policy, saying 1) a couple of secretaries of the employer believed he would be covered for July, and therefore his employer was an agent for Hartford binding the latter; and 2) that Hartford in retaining the premium, is estopped to assert the termination terms of the policy. The policy said "coverage will terminate on  .  .  . (e) the date on which you terminate employment."

Sorenson has two points on appeal: First, that summary judgment was improper since there was a material fact (agency) to determine. He concedes that generally where a group policy is issued to an employer, no principal-agent relation arises,—but that it *may* arise where, as 19 Couch, Insurance 2d, Sec. 82:56 suggests that where the employer, *by authority of the insurer* "receives employees' applications, determines the insurability of em-

ployees, and the amount of premium contribution, and thereafter collects the premium payments." No such relation maintains here, where it appears that the employer only obtained applications, made payroll deductions, reported employment changes and paid part of the premiums,—being silent as to any delegated authority by the insurer. Couch also says (19 Couch 2d 82:95) that group employment insurance generally provides for termination of the policy on termination of employment. See the Annotation in 68 A.L.R.2d beginning at page 8 for a thorough discussion of termination of insurance coverage under a group policy with regard to termination of the insured's employment.

Sorenson's second claim is that the representation that the secretaries of Sorenson's employer believed he would be covered for July was a material change in the policy made *by an agent* of the insurer. The argument is rejected in 44 Am.Jur.2d, Insurance, Sec. 1877, and in 19 Couch 2d, 82:55, on the ground there is no "agency" and consequently no "waiver" under such circumstances. The policy gave coverage for the remainder of the month in which it was written, and there was no provision for offering return of premium for a fraction of the month in which it was terminated,— and *Gilmore v. Grand Prix of Tulsa Corp.*, 383 P.2d 231, (Okl.1963) seems to shed light on this phase of the case as it might be equated with an "estoppel," where the policy provided that return of unearned premium was not a condition for cancellation. The Oklahoma case said: "The weight of authority is to the effect that such a policy may be cancelled without return, or tender, of the unearned premium." It seems that under the terms of the policy, the pleadings and the affidavits fall short of initiating a genuine agency issue, and the conceded substitution and acceptance of benefits under a conversion policy merit a summary judgment based upon the discovery process.

The judgment is affirmed with costs on appeal to Hartford.

CROCKETT, MAUGHAN, WILKINS and HALL, JJ., concur.